William and Catherine Fox v. Commissioner.
Fox v. Commissioner
Docket Nos. 2997-64, 5974-64.
United States Tax Court
T.C. Memo 1965-195; 1965 Tax Ct. Memo LEXIS 136; 24 T.C.M. (CCH) 1001; T.C.M. (RIA) 65195; July 19, 1965
William Fox, pro se, 657 Oakland Ave., Staten Island, N. Y. Lawrence J. Shongut, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income taxes for the years 1960, 1961 and 1962 in the amounts of $2,249.66, $2,694.52 and $3,110, respectively. [1]
Petitioners, William and Catherine Fox, are husband and wife. They reside in the city of New York where William is a lieutenant on *137 the city police force and Catherine is employed by the city Board of Education as a school teacher. William is also the holder of a Ph.D. degree in chemistry from Columbia University and he has written scientific articles which were published in various publications such as the Journal of Chemical Physics, published by the American Institute of Physics. On page 2 of each of their joint income tax returns for the years 1960, 1961 and 1962 (which they filed with the district director of internal revenue for the district of Manhattan) deduction was taken for $11,000, $12,000 and $12,900, which was explained to be scientific contributions of articles written by William, as indicated by enclosures. The returns stated the actual value of the scientific articles contributed was in excess of $20,000 in 1960, $32,000 in 1961 and $45,000 in 1962. To each of the returns there were attached copies of William's scientific articles and other writings and some correspondence William had with various people with respect to his articles. Respondent disallowed these deductions which gives rise to the deficiencies in controversy. [2] Petitioners were not represented by an attorney, although their *138 joint returns showed they had combined salary income of over $14,000 in 1960, over $15,000 in 1961 and over $17,000 in 1962. Of course, the deductions they took wiped out all tax and gave the taxpayers refunds of all amounts withheld from their salaries for taxes. William was the only witness and petitioners evidently contend they are entitled to a charitable contribution deduction under section 170, Internal Revenue Code of 1954, for property in the form of scientific articles written by William and contributed to certain scientific organizations for printing in their publications. At the outset it is to be noted that even if it be thought that a contribution to a scientific periodical could in some manner be a gift to the organization, the evidence here wholly failed to sustain petitioners' burden of proof as to the years 1960 and 1961. Indeed, petitioners did not even plead or introduce any evidence showing William wrote or contributed any articles to any scientific or educational organization during *139 any of the years in question with the exception of one 30-line article entitled: "Comments an 'Hydrostatics in Various Gravitational Fields'". This article was published in "The Journal of Chemical Physics" June 1, 1963 but the article indicates it was received for publication December 17, 1962. All of the other nine articles listed in their petition were published in 1963 or 1964 or in the 1940s or 1950s. We have set forth in a footnote below the pertinent portions of section 170, Internal Revenue Code of 1954, and respondent's regulation thereunder. [3] It is perfectly obvious William made no contribution within the meaning of the statute or regulations when he gave an article to a scientific organization to be published. Even assuming the publishing organization was of the type listed in section 170 (c)(2), I.R.C. of 1954, which is by no means well established, it was not made richer in a material way by the receipt of William's article. *140 William testified that his 1962 article was of a value of at least $45,000, but it is obvious he was trying to put a dollar value on his contribution to scientific knowledge by the publication of his article and not on any property contribution to a scientific organization. He spoke of the difficulty of valuing the article and likened it to trying to evaluate Newton's law of gravitation. It may well be that petitioner makes contributions to scientific knowledge when scientific articles he writes are accepted by various scientific organizations for printing in their publications. But such contributions do not qualify as property gifts to charitable or scientific organizations. Without further discussion, we hold petitioners wholly failed to substantiate the deductions that were disallowed by respondent. Decisions will be entered for the respondent. Footnotes
1. This case involves the same taxpayers and the same issue that was decided (for the year 1959) by Memorandum Opinion of this Court - William and Catherine Fox, Docket No. 2366-62, decided September 11, 1963.↩
2. Respondent disallowed about $300 of other specific deductions for 1962 but the correctness of these disallowances is not raised in the petition.↩
3. Section 170 provides, in part: SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction. - (1) General Rule. - There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. * * *
(c) Charitable Contribution Defined. - For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of - * * *
(2) A corporation, trust, * * * or foundation - * * *
(B) organized and operated excusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and (D) no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * * Sec. 1.170-1, Income Tax Regs., provides, in part, as follows: § 1.170-1 Charitable, etc., contributions and gifts; allowance of deduction. * * *
(c) Contribution in property - (1) General Rules. If a contribution is made in property other than money, the amount of the deduction is determined by the fair market value of the property at the time of the contribution. The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. * * *↩